Good morning, and may it please the Court. My name is Cliff Gardner. I represent the petitioner, Russ Schroeder. There is much, as I'm sure the Court is aware, that my colleague from the Attorney General, Ms. Vonsall, and I disagree about. Particularly, we disagree about whether, as applied in this case, Section 1108 could properly be applied to my client's case. But there are a number of points that we agree about, and I thought I'd start with one of those. Because, indeed, we agree that the test for resolving this question comes from Carmel v. Texas. And that test really has two prongs. Basically, Carmel says certain rules of evidence may be applied retroactively, and those rules are what the Court calls ordinary, even-handed rules that don't impact or alter the burden of proof. So it seems to me it's my burden to show you that this is not an ordinary, even-handed rule of evidence, and that it does impact the burden of proof. I have been notoriously unsuccessful in doing that to date, but that clearly is my burden, and so I'm going to take it on right now. So let's look for a minute at the first of those requirements, the even-handed requirements. Well, isn't that all derived from a footnote by Justice Stevens in that case, which indicates that the essential differences, whether it affects the burden of proof or it doesn't affect the burden of proof, and that ordinarily, I think is the word used, that corresponds to the other branch of what you're talking about, which is even-handedness. But even-handedness is not the standard. That ordinarily corresponds to what has been stated to be the standard. Isn't that correct? I think everything you've said is correct. It comes from footnote 23, where he talks about ordinary, and he describes it as a rule that can apply equally to the State and the defendant. And we're really not going to have any dispute in this case. This isn't where the case is. It's really not about whether it's even-handed. I don't think Ms. Vonsall is going to stand up and tell you it was an even-handed rule. It isn't. It was designed to benefit the State. It's only used by the State, and it only benefits the State. So the real crux of this case is the question of whether I can persuade you that, as applied in this case, Section 1108 altered the burden of proof. And it did in two respects. And let me back up, actually, before I talk about how it was applied in this case, to say there's another area we agree on, and that is that before Section 1108 was passed, before 1996, in California, juries could not rely on disposition evidence, no matter what burden it was proven by, whether it was by a preponderance of the evidence or beyond a reasonable doubt. Juries could not rely on that evidence to infer guilt. That much we agree on. Now, the jury in this case was given an instruction about how to use this evidence. And this is the instruction I have been unable to get, and I was, frankly, unable to get the district court to look at how this instruction impacts the Carmel analysis. The jury was told in this case it could rely on the prior acts to infer criminal disposition, and it could rely on criminal disposition to infer guilt. That, in two ways, altered the burden of proof within the meaning of Carmel. First, and this Court is familiar with this. Wait a minute. Did you mean to say it altered the burden of proof? It altered the quantum of proof necessary for conviction is what I meant to say. Okay. Okay. It didn't technically say anything about proof beyond a reasonable doubt. But evidence can be considered. Exactly. And it did so in two respects. First, it said prior acts need to be proven by a preponderance of the evidence. This Court has experience with the vice of that and how it impacts the burden of proof in Gibson v. Ortiz, where the Court held that that instruction was improper precisely because it undercut the burden of proof. And the second way, and this is a little different. Does that implicate the ex post facto provision of the Constitution? What's in the instruction? Oh, I. It might be a due process violation, but is that a violation of the ex post facto clause? I think it is. And what Your Honor's question I think accurately suggests is that Section 1108 itself doesn't necessarily say anything about this. And so let me respond by, you know, advising the Court about a little bit of the history of 1108. Before 1108 was passed, Section 1101 governed the admission of prior acts under California, and it still does. And it says that prior acts cannot be used to prove disposition. Section 1108 comes along in 1996 and says as to prior sexual offenses, Section 1101 is out of play. It can be admitted. So this instruction was developed after 1108. And I appreciate Your Honor's suggestion that this is really a complaint about the instruction. But what it really is, and there's never been any dispute that this instruction was designed to and did reflect Section 1108. To the extent Your Honor's suggestion that this is really a case of how 1108 was applied in this case, I have no problem with that. I don't see where the jury instruction is within the COA that was granted. I don't have the language of the COA right in my head, but the language is whether this was an ex post facto violation. And as applied in this case, it's a ---- And it seems to me that the question I was pondering before the argument is whether in answering that question, the one that you just framed, in terms of whether 1108 is ex post facto, I was pondering, well, to answer that, what role does the jury instruction play, because the jury instruction here became the law, and that was the case. Could you tell us how you link the jury instruction to the ex post facto claim? Sure. And in a way, it is in response to my earlier response in the sense that this is an as-applied challenge. Section 1108 in the abstract, there's no problem with retroactively applying it, because if the jury's never told anything about it, then disposition evidence is simply one piece of the puzzle. This becomes a case simply about the admission of evidence. And we know from Carmel v. Texas that a rule that simply permits evidence to be admitted, that's not an issue. The question is, does it alter the burden of proof? In this case, under and pursuant to Section 1108, the jury was instructed it could rely on disposition to infer guilt. This case is just like Carmel, because prior, when the ---- at the time this Act was committed, disposition evidence could play no role in the process that led to guilt, and certainly not ---- a jury couldn't be instructed that disposition evidence was something on which they could infer guilt. Excuse me. Do you have ---- I mean, I understand your argument, but do you have a case that says in analyzing ex post facto, you look beyond the law itself, and you're now saying you make an as-applied challenge. Can you give us a case where in some other context this kind of an as-applied challenge was accepted and went beyond the law itself? I confess that standing here at this podium right now, I cannot. I can honestly say that had this issue been raised, had the suggestion been raised that we can't consider what the jury actually did with this evidence, I would certainly have looked into that issue. That was not a defense that the State ever raised. To be sure, as I say, I've been singularly unsuccessful in getting anyone to talk about the impact of this. And I'm pleased to hear it. I am pleased to hear it. It strikes me that there would be something disconcerting about saying, well, look at the section in the abstract and not look about what the jury was actually told and how it was told it should actually treat this evidence. The State has never suggested that we should ignore how the jury actually treated this evidence. And certainly, you know, I see nothing in common sense that suggests that we put blinders on and say we'll just look at Section 08 and ignore what the jury in this case was told it could do with the evidence. Now, it may mean that the holding in this case is extremely narrow because it applies only to this jury and in this case. And that certainly from Petitioner's perspective is not a problem. But there is very little dispute that the jury was told it could do something with this evidence that could not have been done when this crime was charged, was allegedly committed. I'm sorry. And that's exactly the type of retroactive application that Carmel talks about. Your Honor, I see I've only got a minute left.  All right. Please, the Court. Christine, I'm sorry for the warden. We contend that this argument has impermissibly expanded the reach of the COA in this case. This whole instructional argument was never what was at issue before. In Carmel, the sole issue in Carmel was the entire basis of the argument on ex post facto in the lower courts consistently is the statute itself. In this case, our argument is that it's an evidentiary statute. It's a purely procedural statute going to the admissibility of evidence and that it does not in any way affect the burden of proof of the crimes in this case. To include the instruction which by our – which, first of all, has been approved – impliedly approved by this Court in that it said the prior version of this instruction was impermissible, unconstitutional instruction, but therefore, since it has been amended, and that is the instruction that was given in this case, the 1999 amended instruction that was not disapproved in Ortiz, we would contend there is no issue as to the instruction at all in this case, and that the Court should focus entirely on the constitutionality with respect to ex post facto application of 1108 evidence, and that in this case, it clearly did not – 1108 does not violate the Constitution because it is not punitive in nature, it's a permissive inference, it's a weight to be given to the jury. It's no more in, really, than one might consider expert testimony, where the jury is given the discretion to completely ignore it. It's the weight is to you to decide, they are told. And it's a – Ginsburg I'm wondering, just going back to this jury question, because that's the one I keep, you know, I keep stumbling on trying to figure out how it fits in. Since this is under AEDPA, we look back to the State court decision, and the State court decision was to integrate the jury instruction with its analysis of 1108. And that then becomes, in effect, the law as applied to this individual. So I'm wondering if really the jury instruction is really kind of integral or part and parcel of the challenge because of the way the State court handled it. Hi. Your Honor, I confess I did not read the State court opinion that way. I did not see the jury instruction as being at all relevant to its analysis of Carmel. I'm looking at Excerpt of Section 12 where the State court talks about in terms of Penitent Carmel, and then it talks about Section 1108, and then it goes on to say the jury was specifically instructed that the evidence of other crimes without more did not prove the defendant's guilt. And then they go on to say 1108 is not unconstitutional. Right. One sentence, that's correct, did not prove guilt. But that goes to the burden of proof. That reference is not to the instruction per se, but to the argument that it is a strictly evidentiary statute that does not impact the burden of proof. It does not – it is not an element of the offense like in Carmel where the jury was told then, obviously, by virtue of a new statute that required only one element as opposed to two. So in this case, there is no implication that without this evidence they could not have convicted the defendant, and that's what the Carmel test looks to. Without the second corroboration in Carmel, the jury was allowed to convict now on only essentially one element of an offense. That is not the issue in this case. There are no – there is no evidence of this prior conduct that goes to the elements of the offense. It's simply a permissible inference that may or may not be found. For an element, you must find that if this were an element, if this were comparable to a burden of proof, the jury would be required to find that this prior evidence met one of the elements of the offense, that it proved one of those elements. That is not what this evidence shows. It is simply one of many bits of evidence brought in at trial. All evidence brought in by the State is brought in because it's meant to be relevant. That's not the same as saying that it must be found true to be an element of the offense. That is not the same as saying that it is part of the burden of proof itself as to specific factors. It is simply one piece of evidence that may or may not be considered or accepted. And our argument is that it did not affect, it did not penalize the defendant in that, it's not penal, it's not actually penal in nature, and the mere fact that it benefits the State, as the Tenth Circuit found in Neal v. Gibson, the mere fact that it benefits the State is not dispositive because it does not affect the burden of proof. And for all the reasons, in our extensively briefed submissions on this, we requested that the Court affirm the conviction and find the State court's finding was correct. I have four quick points to make in 47 seconds. The first point, Your Honor's question about the State court decision. I did read it last night and I have it here again. In fact, the State court quotes the instruction in full in the text of its opinion. That's at ER page 8. They quote it literally full. Counsel made a statement about the fact that the amended instruction was given, not the one the Court considered in Gibson. And actually, it's a bit of a misstatement because the Court instructed on this twice. Prior to the evidence coming in, the Court gave the exact instruction that was held to undercut the burden of proof in Gibson. And then at the end of the trial, in the mass of jury instructions that were given to the jury, it gave a different instruction, the amended instruction. Was this raised below? There was a suggestion that perhaps this hadn't been raised below. I did raise this in district court. This was my entire argument in district court, was that it was the thrust of this instruction that made this a Carmel problem. And the final point is counsel's suggestion that this doesn't go to an element of proof. There is no dispute that prior to 1996, you could not be convicted on the basis of disposition evidence, no matter what level of proof it was established by. There is no dispute that under 1108, as it was given to the jury in this case, disposition evidence was sufficient, especially if it was proven beyond a reasonable doubt. It was sufficient to rely on for conviction. That's the Carmel violation in this case. The Court has no questions. I'm happy to submit. Thank you. I appreciate your arguments. And as I saw mentioned, the briefs, and we do appreciate the briefs from both of you in this case because they've been very helpful and a novel question. They keep coming up under California law. Thank you. Thank you.
judges: Wallace, Cudahy, McKeown